SDD:MW/SK
F. #2015R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | MEMORANDUM OF LAW |
| - against - | Docket No. <u>15-CR-517 (WFK)</u> |
| ALI SALEH, | |
| Defendant. | |

- - - - - - - - - - - - - - - - -X

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY MATERIALS

                                                     ROBERT L. CAPERS
                                                     UNITED STATES ATTORNEY
                                                     Eastern District of New York
                                                     271 Cadman Plaza East
                                                     Brooklyn, New York 11201

Saritha Komatireddy
Melody Wells
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motion for a protective order governing the use of documents and items designated as "sensitive discovery material" that will be produced to the defendant ALI SALEH in this case.[1]  Specifically, the government respectfully requests that the Court issue the proposed protective order (the "Protective Order"), attached hereto as Exhibit 1, limiting the dissemination of such sensitive discovery materials pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the general supervisory authority of the Court.

ARGUMENT

I.  BACKGROUND

The defendant is charged in a one-count indictment with attempting to provide material support to a foreign terrorist organization, specifically, the Islamic State of Iraq and the Levant ("ISIL").  ISIL is a foreign terrorist organization that has claimed credit for numerous terrorist activities since 2013.  ISIL's terrorist activities are part of its broader goal of forming an Islamic state or "caliphate" in Iraq and Syria.  Between July and August 2015, the defendant made multiple attempts to travel to the Middle East to join ISIL and fight for the caliphate.  The defendant used social media to express his intent to join ISIL.

The majority of the sensitive discovery material in the case is comprised of non-public records obtained from social media that contain the defendant's statements in

---

[1] The "sensitive discovery materials" designation does not apply to all discovery in this case.  For example, the government has produced documents, including travel records, that are not subject to the proposed protective order.

1

support of ISIL and his intent to join ISIL.[2]  These materials are sensitive because, inter alia, they relate to a national security investigation and reference other individuals who may be providing material support to ISIL, or attempting or conspiring to do so.  In addition, the materials are sensitive because they reveal methods used in, and information obtained from, the ongoing investigation.

At this time, the remainder of the discovery is composed primarily of (a) the defendant's post-arrest statements and associated forms and paperwork; (b) documents and items seized, pursuant to a search warrant, from the defendant's home, which he shares with his parents and other family members; (c) surveillance photographs; and (d) wire transfer records.  These materials are also sensitive because, inter alia, they implicate the privacy concerns of witnesses and other third parties.

II.     APPLICABLE LAW

This Court has the authority under Federal Rule of Criminal Procedure 16(d) to issue a protective order restricting the dissemination of discovery for good cause.  See Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); United States v. Stewart, 590 F.3d 93, 98-99 (2d Cir. 2009) (citing Fed. R. Crim. P. 16(d)); In re: Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Smith, 985 F. Supp. 2d 506, 521 (S.D.N.Y. 2013) (noting that "the Supreme Court has held that the trial court can and should,

---

[2] The accounts, although public at one time, are no longer publicly available because the service provider independently deactivated the accounts.

where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect").

By its own terms, Rule 16 contemplates that discovery materials should be exchanged privately between the parties and not disclosed publicly. See Seattle Times Company v. Rhinehart, 467 U.S. 20, 31-33 (1984) (noting that pretrial civil discovery materials are not traditionally available to the public); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (holding the same in the context of criminal discovery); Smith, 985 F. Supp. 2d at 519 (noting that pretrial discovery "is usually conducted in private"). Because the purpose of pretrial discovery is solely to prepare a defense, discovery materials provided by one party or another should not be disseminated before trial to members of the public. See Anderson, 799 F.2d at 1441 ("Discovery, whether civil or criminal, is essentially a private process because the litigants and courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."); United States v. McVeigh, 918 F. Supp. 1452, 1460 (W.D. Okla. 1996) (limitations on public disclosure of discovery information "assure the fairness of the proceedings" and "emphasize that trials are conducted inside the courtroom . . . rather than on the courthouse steps").

For these reasons, courts in this Circuit and others have held that it is appropriate to issue a protective order limiting the dissemination of unclassified discovery materials solely to a defendant for his use in preparing a defense for trial. See, e.g., Seattle Times, 467 U.S. at 37 (affirming protective order limiting dissemination of pretrial discovery); Stewart, 590 F.3d at 98-99 (same); Anderson, 799 F.2d at 1441 (same); Smith,

985 F. Supp. 2d at 535 (same); United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. 1997) (same).

III.     ENTRY OF A PROTECTIVE ORDER IS APPROPRIATE IN THIS CASE

A protective order is appropriate in this case, given the sensitive nature of the non-public documents obtained from social media and email service providers. Unrestricted disclosure of these materials could adversely impact wider, ongoing national security investigations to which the materials pertain. The information included in the records in this case is important to national security, as there is information relating to the identification of other suspects. As such, a protective order prohibiting public dissemination of sensitive discovery materials in this case will serve to prevent potential unindicted co-conspirators from learning the status of and the information obtained from the ongoing investigation of the defendant. See United States v. Lindh, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002).

Other courts have, in similar circumstances, found good cause to issue protective orders pursuant to Rule 16(d) regarding unclassified but sensitive material which is vital to national security. See, e.g., United States v. Saidakhmetov, No. 15-CR-95 (WFK) (E.D.N.Y., Docket No. 56, May 5, 2015); United States v. 'Isa, No. 11-CR-819 (RRM) (E.D.N.Y, Docket No. 22, Feb. 20, 2015); Lindh, 198 F. Supp. 2d at 742 (noting that a protective order for reports of interviews of detainees captured in Afghanistan would "serve to prevent members of international terrorist organizations . . . from learning from publicly available sources, the status of, the methods used in, and the information obtained from the ongoing investigation of the detainees"); United States v. Bin Ladin, 58 F. Supp. 2d 113, 121 (S.D.N.Y. 1999); United States v. Moussaoui, Criminal No. 01-455-A (E.D. Va. 2002).

4

The remaining discovery also warrants the entry of the Protective Order because, among other things, it implicates the privacy concerns of witnesses and other third parties.  In particular, surveillance photographs, wire transfer records and material collected from the defendant's home, which he shares with his parents and other family members, contain private information – including names, telephone numbers, and likenesses – of individuals who are not charged in the indictment.  These individuals have an interest in not having their names and identities associated with the crime that is alleged in this case.  By its terms, the Protective Order strikes the appropriate balance between the third parties' privacy concerns and the defendant's need to receive, process, analyze, and use the discovery.  See Smith, 985 F. Supp. 2d at 524 (noting that the "interests of third parties may justify restrictions on public access to judicial and other documents and materials").

Furthermore, the defendant would not be prejudiced in his efforts to prepare for trial by the entry of the Protective Order.  The Protective Order provides that defense counsel can disseminate the discovery material to the defendant as well as "members of the legal staff of and expert witnesses and interpreters retained by defense counsel[.]"  (See Exhibit 1, at ¶ 2.)  However, because witnesses for the defense are not bound by the same ethical and legal obligations to maintain the privacy and security of discovery materials, the Protective Order builds in those protections.  Pursuant to the terms of the Protective Order, defense counsel would be allowed to share discovery with potential witnesses in the course of trial preparation.  But before doing so, they would need to provide notice to the government and make application to the Court to make such disclosure.  (Id. ¶ 5.)  This requirement is not onerous and is an appropriate precaution given the sensitive nature of the discovery materials.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue the attached Protective Order regarding unclassified discovery in this case.

Dated:   Brooklyn, New York
         November 16, 2015

                                                  Respectfully submitted,

                                                  ROBERT L. CAPERS
                                                  United States Attorney
                                                  Eastern District of New York
                                                  271 Cadman Plaza East
                                                  Brooklyn, New York 11201

By:    /s/ Melody Wells
           Saritha Komatireddy
           Melody Wells
           Assistant United States Attorney
           (718) 254-6054/6422