SDD:SK
F.#2015R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | PROTECTIVE ORDER PERTAINING TO UNCLASSIFIED INFORMATION |
| - against - | |
| ALI SALEH, | No. 15-CR-517 (WFK) |
| Defendant. | |

– – – – – – – – – – – – – – – – –X

       Upon the application of ROBERT L. CAPERS, United States Attorney for the Eastern District of New York, by Assistant United States Attorneys Saritha Komatireddy and Melody Wells, IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.    Any and all discovery material designated by the government as "sensitive discovery material" and produced to the defendant ALI SALEH (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, may be used by the defendant and defense counsel for any purpose consistent with this Protective Order in furtherance of the representation of the defendant in connection with the above-captioned indictment;

       2.    Any and all sensitive discovery material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall not be further disseminated by the

defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of and expert witnesses and interpreters retained by defense counsel, who shall be bound by the entirety of this Protective Order, without further order of the Court;

   3. Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of and expert witnesses and interpreters retained by defense counsel, shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Protective Order;

   4. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff.  The defendant is prohibited from having possession, custody, or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff.  The defendant is further prohibited from disseminating any sensitive discovery material, and may not take sensitive discovery material, or copies thereof, into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess sensitive discovery material or copies in any such facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from sensitive discovery material to others.

   5. Where the defendant and/or defense counsel wishes to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual

to whom disclosure is not authorized by paragraph 2, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

6. None of the sensitive discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the sensitive discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. Nothing in this Protective Order in any way releases counsel for the government or defense counsel from the obligation of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

8. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of sensitive discovery material or other discovery material;

9. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery

material unless and until substitute counsel has filed a Notice of Appearance in the above-captioned matter, is provided a copy of this Protective Order, and is advised of his or her obligation to comply with this Protective Order;

10. The defendant and defense counsel will return to the government the sensitive discovery material and all copies thereof, whether in the possession of the defendant, defense counsel or members of the legal staff of and expert witnesses and interpreters retained by defense counsel, when defense counsel ceases to represent the defendant; and

11. Any violation of this Protective Order (a) will require the immediate return to the United States of the sensitive discovery material and all copies thereof, and (b) may result in contempt of Court.

12. This Protective Order pertains only to unclassified sensitive discovery material. Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

Dated: Brooklyn, New York
       November ____, 2015

SO ORDERED.

_____
THE HONORABLE WILLIAM F. KUNTZ II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK