1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

----------------------------X
UNITED STATES OF AMERICA,    : 15-CR-517 (WFK)
                             :
          Plaintiff,         :
                             : United States Courthouse
     -against-               : Brooklyn, New York
                             :
ALI SALEH,                   :
                             : Monday, October 23, 2017
          Defendant.         : 12:30 p.m.
----------------------------X

       TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
                  UNITED STATES DISTRICT JUDGE


                    A P P E A R A N C E S:

For the Government:       BRIDGET ROHDE, ESQ.
                          Acting United States Attorney
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201
                          BY:  SARITHA KOMATIREDDY, ESQ.
                               MARGARET ELIZABETH LEE, ESQ.
                               PETER W. BALDWIN, ESQ.
                               Assistant United States Attorney

For the Defendant:        LAW OFFICE OF SUSAN G. KELLMAN
                          25 Eighth Avenue
                          Brooklyn, New York 11217
                          BY:  SUSAN GAIL KELLMAN, ESQ.
                                    and
                          LAW OFFICE OF SARAH KUNSTLER
                          315 Flatbush Avenue
                          Suite 103
                          Brooklyn, New York 11217
                          BY:  SARAH KUNSTLER, ESQ.

Court Reporter:           DAVID R. ROY, RPR
                          225 Cadman Plaza East / Brooklyn, NY 11201
                          DRROYOFCR@GMAIL.COM

Proceedings recorded by Stenographic machine shorthand,
transcript produced by Computer-Assisted Transcription.
```

Proceedings 2

1           (In open court.)
2           THE COURTROOM DEPUTY:  Criminal cause for status
3  conference, Docket Number 15-CR-517, United States of
4  America vs. Saleh.
5           Counsel, please state your appearances for the
6  record and spell your first and last name for the court
7  reporter.
8           MS. KOMATIREDDY:  Good afternoon, Your Honor.
9  Saritha Komatireddy for the United States.  I'm joined by
10 AUSAs Maggie Lee and Peter Baldwin.
11          S-A-R-I-T-H-A, last name is K-O-M-A-T-I-R-E-D-D-Y.
12          THE COURT:  Good afternoon.
13          MS. LEE:  Good afternoon, Maggie Lee, M-A-G-G-I-E,
14 L-E-E.
15          THE COURT:  Good afternoon.
16          MR. BALDWIN:  Good afternoon, Your Honor.  Peter
17 Baldwin, P-E-T-E-R, B-A-L-D-W-I-N.
18          THE COURT:  Good afternoon.  All right.  Please be
19 seated.
20          MS. KOMATIREDDY:  Thank you.
21          MS. KELLMAN:  Good afternoon, Your Honor.  Susan
22 Kellman, S-U-S-A-N, K-E-L-L-M-A-N.  And I am assisted at the
23 counsel table today, Judge, by Sarah Kunstler, S-A-R-A-H,
24 K-U-N-S-T-L-E-R.
25          THE COURT:  And with you at counsel table today

Proceedings 3

1  is?
2              MS. KONSTLER:  Oh, I'm sorry Sarah Kunstler.
3              THE COURT:  And in addition?
4              MS. KELLMAN:  Oh, I'm sorry.  And my client is
5  present additionally.
6              THE COURT:  Thank you.  Please be seated.
7              This is our eighth status conference in this
8  action, United States of America versus Saleh, 16-CR-517.
9  The Defendant Ali Saleh is in custody.  This case has been
10 designated a complex action and the court order is in place
11 to ensure the defendant's appearance for all of the court
12 dates.
13             On September 16th of 2015 a complaint was filed
14 alleging the defendant made multiple attempts to join and
15 support the Islamic State of Iraq and the Levant, also known
16 as ISIL, I-S-I-L.  The complaint includes allegations that
17 Defendant attempted to buy tickets to fly overseas on
18 several occasions but was denied the ability to travel.
19             On February 11th of 2016 a superseding indictment
20 was filed in this case charging the defendant with three
21 counts of attempts to provide material support to a foreign
22 terrorist organization in violation of 18 United States Code
23 Sections 2339(B)(a)(1), (2) and 3551 *et sequentia*.  The
24 superseding indictment also contains a criminal forfeiture
25 allegation.  On March 2nd of 2016 the defendant was

1   arraigned on superseding information with the Honorable
2   Magistrate Judge Ramon Reyes.
3           The procedural history is as follows:  On
4   October 30th of 2015, the Court approved the force order to
5   ensure Defendant's appearance at all court appearances in
6   this case.  The Court has granted the Government three
7   motions for protective order in this action, November 16th
8   of 2016, April 14th of 2016, and April 21st of 2016.
9           On March 10th of 2016 the Court entered an order
10  transferring the defendant to the Metropolitan Detention
11  Center in Brooklyn, a Bureau of Prisons facility, to perform
12  psychiatric or psychological evaluation consistent with the
13  provisions of 18 U.S.C. Section 4241 and instructing the
14  Bureau of Prisons facility to conduct this evaluation.  The
15  evaluation has been completed.
16          At the status conference held on November 15th,
17  2016, the Court scheduled a ten-day jury trial in this
18  action to commence on Monday, November 27th of 2017 at
19  9:30 a.m.
20          The most recent status conference was held on
21  May 15th, 2017.  Prior to today, the parties reported they
22  were attempting to engage in consensual resolution plea
23  negotiations in this case and indicated they would submit
24  their proposed pretrial motions schedules by EFS.  The Court
25  subsequently approved the proposed pretrial motion schedule

Proceedings                                                5

1   on July 18th of 2017.  Pursuant to that schedule, the
2   defendant's motions were due to be filed on or before
3   September 29th of 2017, and the Government's responses were
4   due to be filed on or before October 20th of 2017.
5           Is that a fair and accurate summary, Counsel?  I
6   will hear from the prosecution first and then the defense
7   counsel.
8           MS. KELLMAN:  Yes, Your Honor.
9           THE COURT:  All right.  I want to hear from the
10  prosecution first.  Ms. Komatireddy?
11          MS. KOMATIREDDY:  Yes, Your Honor.
12          MS. KELLMAN:  Yes, Your Honor.
13          THE COURT:  Okay.  I want to hear from the
14  prosecution first and then the defense counsel.  Where are
15  we in this case?
16          MS. KOMATIREDDY:  Your Honor.  The Government --
17          THE COURT:  You may remain seated, but please use
18  the microphone.
19          MS. KOMATIREDDY:  Yes, sir.
20          The Government is prepared to go forward.  We
21  intend to file a motion as per the schedule this coming
22  Friday, October 27th.  One thing we did want to put on the
23  Court's radar, as part of our motion, we expect to ask for a
24  anonymous and partial sequestered jury.
25          THE COURT:  I will grant that application.  Anyone

Proceedings                                                         6

1  that tries a case before me knows I don't allow in most
2  noccuous situations much in the way of the information of
3  the jury's identity, where they live, what their names are.
4  So I will grant that application because it won't be
5  terribly different than a straightforward contract
6  litigation where juries are involved.  I am big on
7  protecting the confidentiality of the jury, and I will grant
8  your application in this case because I do in virtually all
9  cases.
10             MS. KOMATIREDDY:  Thank you, Your Honor.
11             And then the other request in connection with that
12 would be to propose the use of jury questionnaires, which is
13 something that we typically do in terrorist cases, partially
14 because of the anonymous nature of the jury, and partially
15 because it permits us to further vet individual jurors in a
16 way that ensures their impartiality in the case.
17             THE COURT:  Now, logically is this something that
18 you will propose the questionnaire to the Court and to the
19 defense counsel at the same time for their comments, or how
20 typically in this area does your office proceed?  And I will
21 ask Ms. Kellman what her experience, which I know is very
22 vast and expansive as well, with respect to the
23 questionnaires.  So how do you propose to go forward?
24             Let me hear from you, Ms. Komatireddy, and then I
25 will hear from Ms. Kellman.

1    MS. KOMATIREDDY:  Yes, Your Honor.  In the past
2    what we have done is proposed a questionnaire to defense
3    counsel, and in many cases we can get consensus on most, if
4    not all of the contents of the questionnaire and then submit
5    any disputes to the Court in advance of trial.
6             THE COURT:  Okay.  What is your timetable for
7    submitting it to Ms. Kellman for her review and then getting
8    it back?
9             Ms. Kellman, how much time will you need to review
10   it and then get it back?  And, again, being mindful of the
11   fact that we are scheduled to go to trial on the morning of
12   Monday, November 27th and today is October 23rd, so we do
13   not really have a lot of time to have back and forth on
14   this.  So what is your suggested timetable on the
15   questionnaire part?
16            MS. KOMATIREDDY:  Yes, Your Honor.  We would
17   suggest that we submit our proposed questionnaire at the
18   same time as our motion on Friday.
19            THE COURT:  On Friday?  Okay.
20            Ms. Kellman, I will hear from you about scheduling
21   and any other reports that we need to address.  And please
22   remain seated.  Just pull the microphone to you, because I
23   know you have got a bit of a cold, so...
24            MS. KELLMAN:  I just recovered from laryngitis.
25            Your Honor, we have no problem with any of the

dates that have been set forth by the Government.  And if we were to get the questionnaire by Friday, I don't think we would have any difficulty going over it and getting it back to the Government within a week's time.

My real concern, Judge, is --

THE COURT:  Counsel, just pull the mic a little bit closer.  I'm sorry.

MS. KELLMAN:  My real concern, Judge, is our client's mental health.  And while we continually hope that it will improve, he seems to be -- I know the Bureau of Prisons has evaluated him and said that he is competent; but I would have to say that I am not sure that we have a doubt in his competence, but we do think that he has serious mental health issues.  Your Honor has since approved the appointment of both a psychiatrist and a psychologist.  And in the beginning, it was very difficult for us to have him evaluated because he refused to speak to or meet with the mental health professional.

THE COURT:  I remember that, but I gather that has been overcome?

MS. KELLMAN:  For the most part it has been overcome.

THE COURT:  Okay.

MS. KELLMAN:  There are days when he will refuse to meet with the mental health evaluators.  There are days

Proceedings                                                  9

1    when he will refuse to meet with counsel, and then there are
2    days that he will meet with us.  But it is completely random
3    and not a PSE pattern that we can identify.
4             THE COURT:  So what do you suggest in light of all
5    of that?
6             MS. KELLMAN:  Well, the most recent evaluation
7    that we have gotten from Dr. Stephen Xenakis, who is a
8    psychiatrist, says among other things, that our client
9    suffers from serious disturbances in his thinking and mood
10   that underlie incomprehensible and impulsive behavior that
11   demonstrates signs and symptoms of schizotypical personality
12   disorder with bizarre and odd thinking, unusual and
13   idiosyncratic interpretation of events, situations, episodic
14   overwhelming distress and dysuria --
15            THE COURT:  Has this been submitted to the Court?
16            MS. KELLMAN:  It has not yet, Judge.
17            THE COURT:  Okay.  When do you anticipate
18   submitting it to the Court?
19            MS. KELLMAN:  I can get it to the Court today, if
20   you would like.
21            THE COURT:  You can file it EFS.  I take it you
22   will file that on notice to the Government as well --
23            MS. KELLMAN:  Yes -- the Government has a copy,
24   but yes.
25            THE COURT:  Okay.  So if you could just give it to

Proceedings                                                             10

1  the Court, that would be helpful.
2           MS. KELLMAN:  We will file it under seal.
3           THE COURT:  Of course.
4           MS. KELLMAN:  Yes.  And I can also email it to
5  you, if that is --
6           THE COURT:  Yes, that is fine.  You can email it
7  to Mr. Jackson as well, but it will be on -- just to be
8  clear, it will be under seal.
9           MS. KELLMAN:  Yes, of course, Judge.
10          My real concern at this point, Judge, is we have
11 had a number of conversations with the Government, but
12 unfortunately, we did not get what we hoped to be able to
13 go, and that was to get our client down to Buckner for an
14 updated evaluation.  And when I say Buckner, we have doctors
15 who are saying he has a real problem, and I think
16 the Government would be more comfortable if the BOP said the
17 same thing.
18          THE COURT:  Well, let me stop you right there.
19          Do you want him to go to Buckner for evaluation?
20          MS. KOMATIREDDY:  We are not requesting that,
21 Your Honor.
22          THE COURT:  I did not think so.
23          All right.  Go ahead.
24          MS. KELLMAN:  I'm sorry.  Your question was, did
25 they mind that he --

1  THE COURT:  No.  My question was had they
2  requested it, and the answer was they have not requested it.
3  MS. KELLMAN:  Okay.  But I think in light of --
4  Dr. Xenakis has seen him on many, many occasions --
5  THE COURT:  Well, I look forward to reading his
6  report.
7  MS. KELLMAN:  Okay.
8  And, perhaps, Judge, the way to proceed, would be
9  maybe another status conference.
10  THE COURT:  I don't think so.
11  MS. KELLMAN:  Okay.
12  THE COURT:  I was reluctant -- Ms. Demas, as I
13  recall, pushed this one.  She was here last time, I think.
14  But I didn't think it would add anything to the mix, and
15  whether it has or not, the bottom line is we are here, we
16  are going to go to trial, or there is going to be a
17  consensual resolution, barring something else happening.
18  But I don't see the need for another status conference.
19  MS. KELLMAN:  That's fine, Judge.  I think that
20  the position that I find ourselves in --
21  THE COURT:  I am glad that's fine.  Go ahead.
22  MS. KELLMAN:  I think the position that we find
23  ourselves in now, Judge, is we really have an inability to
24  communicate with our client.
25  THE COURT:  You have an inability, what do you

Proceedings                                                              12

1  mean?
2           MS. KELLMAN:  I'm sorry, Judge?
3           THE COURT:  I couldn't hear you.
4           MS. KELLMAN:  I'm sorry.
5           That we are finding it almost impossible to
6  communicate with our client.
7           THE COURT:  Almost impossible or impossible?
8           MS. KELLMAN:  Well, when he speaks to us, it's
9  possible, although we don't usually get any responses that
10 are -- any responses that appear to suggest that he
11 understands the questions or cares to answer our questions.
12 He has been impossible to prepare for trial or to review
13 discovery with.  More often than not when we meet with him,
14 he turns his back on us or he talks about things that are
15 completely irrelevant to trial preparation making either a
16 disposition, an agreed-upon disposition or a possibility of
17 trial an impossibility.
18          THE COURT:  Well, Counsel, you know -- you are a
19 very experienced counsel, you know what motions you can make
20 with respect to that and on the record, and obviously,
21 the Government will respond and I will rule, and we will
22 take it from there.  As of now, we are scheduled to go
23 forward to trial on November 27th of 2017.  I will look
24 forward to receiving motions and additional health reports
25 and additional submissions from both defense counsel and

1   from the Government, and I don't know what else the Court
2   can say today unless you have something else to say?
3          MS. KELLMAN:  No, nothing, Judge.
4          THE COURT:  Okay.  Anything else from the
5   prosecution?
6          MS. KOMATIREDDY:  No, Your Honor.
7          THE COURT:  Okay.  I look forward to receiving
8   your submission.  We are adjourned.
9          MS. KELLMAN:  Thank you, Judge.
10         THE COURT:  I will extend time in the interest of
11  justice, and fully that will be signed by the defendant and
12  by defense counsel, and that has not been done yet.  Would
13  you have that time appropriately?
14         (Pause in proceedings.)
15         THE COURT:  Thank you.
16         I have what has been marked as Court Exhibit 1 for
17  identification, Waiver of Speedy Trial Order Excludable
18  Delay in the action United States of America against
19  Ali Saleh.  It's been signed by the defendant, by defense
20  counsel, and by the prosecution.  I am signing it.
21         May I have a motion to have Court Exhibit 1
22  admitted into evidence?
23         MS. KOMATIREDDY:  So moved, Your Honor.
24         THE COURT:  Any objection?
25         MS. KELLMAN:  No, Your Honor.

1        THE COURT:  It's admitted.  Thank you.
2        (Court's Exhibit Number 1 so marked and received
3   in evidence.)
4        THE COURT:  Anything else I can help counsel with
5   today?
6        MS. KOMATIREDDY:  No, Judge.
7        MS. KELLMAN:  No, thank you, Judge.
8        THE COURT:  Thank you.  We're adjourned.
9        MR. BALDWIN:  Thank you, Your Honor.
10       (Matter concluded.)
11                       --ooOoo--

*I (we) certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*

*/s/ David R. Roy*                    *November 9, 2017*
*DAVID R. ROY*                                *Date*