RMT:SK/ML
F. # 2015R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

ALI SALEH,

              Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

15 CR 517 (S-1) (WFK)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ALI SALEH (the "defendant") agree to the following:

1.     The defendant will plead guilty to Count Two and Count Three of the above-captioned superseding indictment, charging violations of 18 U.S.C. § 2339B. The counts carry the following statutory penalties:

    Count Two: Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization

        a.    Maximum term of imprisonment: 15 years (18 U.S.C. § 2339B(a)(1)).

        b.    Minimum term of imprisonment: None (18 U.S.C. § 2339B(a)(1)).

        c.    Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant



                    may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. §§ 2339B(a)(1), 3583(b), (e) & (j)).

        d.      Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

        e.      Restitution: N/A

        f.      $100 special assessment
(18 U.S.C. § 3013).

**Count Three: Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization**

        a.      Maximum term of imprisonment: 20 years
(18 U.S.C. § 2339B(a)(1)).

        b.      Minimum term of imprisonment: None
(18 U.S.C. § 2339B(a)(1)).

        c.      Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. §§ 2339B(a)(1), 3583(b), (e) & (j)).

        d.      Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

        e.      Restitution: N/A

        f.      $100 special assessment
(18 U.S.C. § 3013).

The sentences imposed on these counts may run consecutively.

        2.      The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any

applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 40, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| | Base Offense Level (U.S.S.G. § 2M5.3(a)) | 26 |
| Plus: | Provision of Material Support or Resources with the Intent, Knowledge or Reason to Believe They Were to Be Used To Commit or Assist in the Commission of a Violent Act (U.S.S.G. § 2M5.3(b)(1)(E)) | +2 |
| Plus: | Terrorism Enhancement (U.S.S.G. § 3A1.4(a)) | +12 |
| Total: | | 40 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 38 and a range of imprisonment of 360 months to life, assuming that the defendant falls within Criminal History Category VI. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before 8/1/2018 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 37. This level carries a range of

3

imprisonment of 360 months to life, assuming that the defendant falls within Criminal History Category VI. However, because of the statutory maximum sentence, the effective Guidelines range is 360 to 420 months. The defendant stipulates to the above Guidelines calculation. The defendant also consents to a life term of supervised release. The defendant also agrees to undergo a threat assessment by a qualified professional selected by the Office prior to sentencing, if in the Office's judgment such a threat assessment is warranted.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 420 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to

additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for attempting to provide material support and resources to the Islamic State of Iraq and the Levant, as charged in the Superseding Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining count[s] of the Superseding Indictment and any underlying indictment with prejudice;

and, based upon information now known to the Office, it will

   b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

   c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

5

6. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
   July 24, 2018

          RICHARD P. DONOGHUE
          United States Attorney
          Eastern District of New York

By: _____
          Saritha Komatireddy
          Margaret Lee
          Alexander Mindlin
          Assistant United States Attorneys

Approved by:

_____
Richard M. Tucker
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ALI SALEH
Defendant

Approved by:

_____
Steve Zisson, Esq.
Anthony Ricco, Esq.
Michael Bachrach, Esq.
Counsel to Defendant

7