UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                          **ORDER**
                 v.                                                             15-CR-517 (WFK)

ALI SALEH,

                 Defendant.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

      On July 24, 2018, Ali Saleh ("Defendant") pled guilty to Counts Two and Three of the superseding indictment, charging him with separate violations of 18 U.S.C. § 2339B, Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization. ECF Nos. 121, 122. Nearly two years later, in a letter dated April 27, 2020, Defendant, without the guidance of counsel, requests to withdraw his guilty plea. ECF No. 135 at 1. Defendant's requested to withdraw his plea is DENIED.

      "The decision to allow a guilty plea to be withdrawn is committed to the discretion of the district judge." *United States v. Harrington*, 354 F.3d 178, 183 (2d Cir. 2004) (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)). "[A] defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a 'fair and just reason for requesting the withdrawal.'" *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration

of justice." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018) (quoting *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir.2004)).

"To determine whether a defendant has met this burden, a court should consider: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *Rose*, 891 F.3d at 85 (quoting *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009)) (internal quotation omitted). "Additionally, courts should consider the circumstances surrounding the plea, including the nature and background of the defendant, and whether the plea was knowing and voluntary." *United States v. Davis*, 996 F. Supp. 2d 225, 231–32 (S.D.N.Y. 2014) (Hellerstein, J.) (internal quotation omitted).

Here, Defendant provides no grounds for the withdrawal of his plea, simply stating, "I would like to take back my plea concerning My charges of Attempted aiding and Abetting." ECF No. 135 at 1. Indeed, there are no grounds to support withdrawal of Defendant's plea as all three of the above stated factors heavily weigh against granting such withdrawal. The first factor—whether Defendant has asserted his legal innocence—does not weigh in favor of granting withdrawal. Since the taking of his plea in 2018 until the receipt of Defendant's most recent letter, Defendant has not once asserted his legal innocence to the Court despite ample time and opportunity to do so. In the nearly two years since Defendant's plea, Defendant, through his counsel, has corresponded with the Court on multiple occasions, never claiming innocence nor a defunct plea until his most recent letter dated April 27, 2020. Thus, the second factor—time elapsed between the plea and the motion—also heavily weighs against Defendant's request.

Finally, the third factor—prejudice to the government—also weighs in favor of denying Defendant's request. In the five years since filing of the criminal complaint in 2015, the government has invested considerable time and resources negotiating Defendant's plea agreement and litigating this case. To allow Defendant's baseless request to withdraw his plea, would senselessly extend litigation and waste governmental resources. Defendant falls woefully short of meeting the high standard for withdrawing a guilty plea. Indeed, allowing withdrawal of Defendant's plea would not only undermine confidence in the integrity of our judicial procedures, but also increase the volume of judicial work, and delay and impair the orderly administration of justice. *Rose*, 891 F.3d at 85.

For the reasons stated above, Defendant's motion to withdraw his guilty plea is denied.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2020
       Brooklyn, New York